UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL JENKINS on behalf of herself and all others similarly situated,

Plaintiff,

v.

INTER PARFUMS, INC.,

Defendant.

---

Case No.

**CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, **ANGEL JENKINS** ("Plaintiff" or "Ms. Jenkins"), on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), by and through their undersigned counsel, JOSEPH & NORINSBERG, LLC, as and for their putative class action complaint upon Defendant, "INTER PARFUMS, INC." or "Defendant"), hereby alleges as follows:

## INTRODUCTION

1. Plaintiff **Angel Jenkins** is a visually-impaired and legally blind person who requires screen-reading software to read website content while using the computer. (**Ex. A** – Angel Jenkins, Legally Blind Diagnosis, dated 1/20/2026). Plaintiff uses the terms "blind" or "visually-impaired," as Plaintiff's central visual acuity with correction is less than or equal to 20/200.

2. Plaintiff's vision loss resulted from Endophthalmitis that developed after a serious vehicular accident-causing significant trauma to both eyes. As confirmed by Dr. James R. Gordon, M.D., the resulting infection led to permanent and irreversible blindness, for which no corrective procedures currently exist. Ms. Jenkins also experiences chronic; debilitating headaches

associated with her condition. She qualifies as an individual with a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(1)–(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the New York City Human Rights Law ("NYCHRL"). To maintain independence, she relies on screen-reading software and accessible digital content, and she has completed formal orientation and mobility training through Visions Services for the Blind and the Lighthouse Guild programs.

3. Plaintiff brings this action against **INTER PARFUMS, INC.**, for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. Defendant operates a global fragrance business and is the **exclusive worldwide fragrance licensee** for luxury brands including **Montblanc** and **Jimmy Choo**. As part of these licensing agreements, Defendant **designs, develops, maintains, and operates** the online consumer-facing fragrance platforms used to market and sell Montblanc and Jimmy Choo fragrance products in the United States. These Websites serve as primary platforms for browsing, purchasing, and customer support, and are offered to the general public as places of public accommodation. Plaintiff attempted to access Defendant's online services on multiple occasions but was unable to do so due to persistent accessibility barriers.

4. Plaintiff is legally blind and relies on screen-reader technology (NVDA) to navigate digital interfaces. She attempted to access Defendant's websites—specifically the **Montblanc** and **Jimmy Choo** fragrance sections—to browse and purchase luxury scents and related items for herself and her visually impaired husband. These included:

> **Montblanc Legend Night Eau de Parfum (100 ml)** — a sensual woody fragrance the couple enjoys;

**Montblanc Black 35 mm Reversible Leather Belt ($440)** — a tactile, durable accessory she intended as a gift for her husband; and

**Jimmy Choo "I Want Choo With Love" Eau de Parfum (60 ml)** — one of the few fragrances that does not irritate Plaintiff's sensitive skin and that both she and her husband enjoy. Plaintiff sought to review fragrance notes, compare sizes, and complete purchases, but the Websites' accessibility failures made independent use impossible.

5. In January and February 2026, Plaintiff encountered widespread accessibility barriers documented by **WAVE (Web Accessibility Evaluation Tool)** audits, including:

**Pervasive Unlabeled Buttons:** The Jimmy Choo product page for "I Want Choo With Love" contained **77 Empty Button errors**, rendering essential functions—such as "Add to Bag," image zoom, and navigation—completely unusable for a screen-reader user.

**Broken ARIA Structures:** The Montblanc product pages contained **multiple Broken ARIA references** and **Broken ARIA menus**, causing screen readers to misinterpret the site's layout and creating navigation "dead ends."

**Missing Alternative Text:** Both Montblanc and Jimmy Choo pages contained numerous images with **missing or suspicious alt text**, preventing Plaintiff from understanding the visual nature of the luxury products being sold.

**Form & Labeling Errors:** The Montblanc pages included **Multiple Form Labels**, **Select Missing Label** alerts, and **Orphaned Labels**, which obstructed Plaintiff's ability to interact with dropdowns, selectors, and other required fields.

**Structural Failures:** Both sites contained **Skipped Heading Levels**, **Empty Headings**, and **Redundant Links**, disrupting the semantic map a screen reader uses to navigate between sections.

**Contrast Errors:** Both sites included **Very Low Contrast** text, which also impeded Plaintiff's husband, who has residual vision and relies on contrast to assist her.

6. Defendant has long operated its public-facing fragrance websites as the central gateway to its Montblanc and Jimmy Choo fragrance businesses. Despite its high-end branding, the Websites are riddled with systemic accessibility failures. Independent audits revealed a

pervasive pattern of violations:

> The **Jimmy Choo "I Want Choo With Love"** page showed **81 errors** and **301 alerts**;
>
> The **Montblanc Legend Night** page showed **26 errors** and **153 alerts**;
>
> The **Montblanc Black 35 mm Reversible Leather Belt** page showed **25 errors** and **159 alerts**. These include empty links, broken ARIA roles, missing alt text, and structural defects replicated across Defendant's digital templates. Defendant's ongoing failure to remediate these barriers—despite clear federal guidance and ample resources—demonstrates deliberate indifference to the civil rights of blind and visually impaired individuals.

7. Plaintiff is deeply invested in maintaining independence in online shopping and specifically sought out Defendant's Websites because of their prestige fragrance collections and the sentimental value these products hold for her and her husband. Plaintiff attempted to browse the Websites to review fragrance notes, compare sizes (such as 60 ml vs. 100 ml), and complete a purchase. However, due to the **25–81 errors per page** identified in the audits, Plaintiff remains unable to independently navigate or complete a transaction. Unless Defendant remedies these barriers, Plaintiff will continue to be excluded from the equal enjoyment of the goods and services offered to sighted consumers.

8. These barriers violate the **Web Content Accessibility Guidelines (WCAG) 2.1 Level AA**, the recognized industry standard for digital accessibility. Plaintiff remains eager to return to the Websites once they are remediated, as they offer fragrances and gift items that align with her specific needs, preferences, and budget.

9. Plaintiff brings this civil action against Defendant for its failure to design, construct, maintain, and operate the Websites to be fully accessible to and independently usable by Plaintiff and other blind or visually impaired people. Defendant's denial of full and equal access

to the Websites—and therefore its denial of the goods and services offered thereby—is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

10. According to the U.S. Census Bureau (2010), approximately **8.1 million** people in the United States are visually impaired, including **2.0 million** who are blind. The American Foundation for the Blind's 2015 report estimates that approximately **400,000** visually impaired persons reside in New York State.

11. Congress has issued a clear national mandate to eliminate discrimination against individuals with disabilities. This includes barriers to full integration, independent living, and equal opportunity—barriers perpetuated by websites and other public accommodations that remain inaccessible to blind and visually impaired persons. New York State and New York City law similarly require places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

12. Plaintiff seeks a permanent injunction requiring Defendant to revise its corporate policies, practices, and procedures to ensure that its Websites become and remain fully accessible to blind and visually impaired users. Because Defendant operates its fragrance business through these digital storefronts, accessible online infrastructure is essential to guarantee equal participation in the modern marketplace. Injunctive relief is necessary to prevent Defendant from continuing to exclude individuals with disabilities from its online retail services and to ensure that blind consumers can independently access the same goods, information, and purchasing opportunities offered to the general public.

## PARTIES

13. **Plaintiff Angel Jenkins** is a visually-impaired and legally blind individual residing

in the State of Florida. She relies on screen-reading software, including NVDA, to navigate digital interfaces, access product information, and complete online transactions. Plaintiff is an online consumer who regularly purchases fragrances, accessories, and personal-care items for herself and her visually impaired husband.

14. **Defendant, INTER PARFUMS, INC.** ("Inter Parfums") is a publicly traded global fragrance corporation headquartered in New York, New York. Inter Parfums is the exclusive worldwide fragrance licensee for luxury brands including **Montblanc** and **Jimmy Choo**.

15. Under its licensing agreements, Inter Parfums is responsible for the design, development, coding, content, maintenance, and operation of the online consumer-facing fragrance platforms used to market and sell Montblanc and Jimmy Choo fragrance products throughout the United States.

16. The Websites at issue in this action include the **Montblanc fragrance product pages** (**us.montblanc.com** in Bing) located at **Montblanc Legend Night Eau de Parfum (100 ml)** https://www.montblanc.com/en-us/legend-night---eau-de-parfum-100-ml-MB116979.html; **Montblanc Black 35 mm Reversible Leather Belt** https://www.montblanc.com/en-us/black-35-mm-reversible-leather-belt-MB130587.html; and the Jimmy Choo fragrance product pages located at; **Jimmy Choo "I Want Choo With Love" Eau de Parfum (60 ml)** https://us.jimmychoo.com/en/women/beauty/fragrance/i-want-choo-with-love-60ml/jimmy-choo-i-want-choo-with-love-le-parfum-60ml-IWCWITHLOVE60MLFJCR113460.html **(us.jimmychoo.com in Bing)** These URLs form part of the fragrance-specific online retail platforms that **Inter Parfums, Inc.** operates under its exclusive global fragrance licenses with

Montblanc and Jimmy Choo. Inter Parfums is responsible for the design, coding, content, maintenance, and accessibility of these product pages, which serve as the digital storefronts for its fragrance business.

17. Inter Parfums is a "public accommodation" and an "operator" of a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), because it operates online retail platforms offering goods and services to the general public.

**JURISDICTION AND VENUE**

18. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12182 because Plaintiff's claims arise under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 et seq.

19. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, including those under the New York State Human Rights Law, Article 15 (Executive Law § 290 et seq.) ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq., ("NYCHRL") and § 296 et seq.; and the New York State Civil Rights Law, Article 4, §§ 40-c and 40-d ("NYCRL").

20. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant conducts substantial and continuous business in this District through its fully interactive commercial websites, which offers products and services to consumers throughout New York, including those residing in this District. Plaintiff accessed and attempted to utilize the Websites from her residence in Bronx County, which lies within the Southern District of New York. A substantial portion of the discriminatory conduct giving rise to this action—including the denial of equal access to Defendant's online goods and services—occurred within this District.

21. Courts routinely support venue placement in the district where the plaintiff attempted and failed to access the public accommodation. See Chloé NA v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158 (2d Cir. 2010); Reed v. 1 800 Flowers.com, Inc., 327 F. Supp. 3d 539 (E.D.N.Y. 2018); Andrews v. Blick Art Materials, LLC, 286 F. Supp. 3d 365 (E.D.N.Y. 2017); see also Ford Motor Co. v. Mont. Eighth Judicial Dist. Court, 141 S. Ct. 1017 (2021). In Access Now, Inc. v. Otter Products, LLC, 280 F. Supp. 3d 287 (D. Mass. 2017), the court held that "although the website may have been created and operated outside of the district, the attempts to access the website in Massachusetts are part of the sequence of events underlying the claim." Id. at 294. This satisfies Due Process because the harm—the denial of access—occurred within the forum. Id. at 293. Here, Plaintiff's attempts to access the two specific product websites at issue, both operated by Defendant Inter Parfums, Inc., from her residence in Bronx County, firmly establish venue in this District.

22. Courts likewise recognize personal jurisdiction where a defendant purposefully directs its online commercial activities toward residents of the forum state. See Access Now, Inc. v. Sportswear, Inc., No. 17-cv-11211-NMG, 2018 U.S. Dist. LEXIS 47318 (D. Mass. Mar. 22, 2018) (finding purposeful availment where the defendant targeted consumers in the forum through its interactive website). Defendant Inter Parfums, Inc. has purposefully availed itself of New York's economic activities by marketing, advertising, and selling its Montblanc and Jimmy Choo fragrance products to New York consumers through the fully interactive product pages it operates and by regularly shipping goods into this District.

23. Accordingly, jurisdiction and venue are proper in this District because Plaintiff resides here, Defendant Inter Parfums, Inc. conducts business here through the Websites at issue,

and the discriminatory conduct giving rise to this action occurred here.

**THE PARTIES**

24. Plaintiff, **ANGEL JENKINS** is and was at all relevant times a resident of Bronx County, New York.

25. Plaintiff is legally blind and visually impaired, qualifying as an individual with a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(1)–(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the New York City Human Rights Law ("NYCHRL"). As documented in Exhibit A, a medical letter dated January 20, 2026, from Westchester Eye Associates, Plaintiff's blindness resulted from Endophthalmitis that developed following a severe vehicular accident which caused significant trauma to both eyes. The resulting infection led to permanent and irreversible vision loss, and there are no known corrective procedures capable of restoring her sight. Plaintiff also experiences debilitating headaches associated with her condition. She has been referred to reputable New York–based organizations—including VISIONS at Selis Manor and Lighthouse Guild—for mobility training, assistive technology instruction, and independent living support, and she remains highly motivated to maintain independence through the use of screen-reader software and adaptive tools.

26. Plaintiff relies on screen-reading software, including NonVisual Desktop Access ("NVDA"), magnification tools, and keyboard-based navigation to access digital content. She has completed orientation and mobility training through organizations such as Lighthouse Guild and VISIONS at Selis Manor in New York City and remains highly motivated to maintain independence through assistive technology.

27. Upon information and belief, Defendant INTER PARFUMS, INC. is a publicly

traded fragrance corporation headquartered at 551 Fifth Avenue, New York, New York 10176. Inter Parfums is the exclusive worldwide fragrance licensee for luxury brands including Montblanc and Jimmy Choo. Under these licensing agreements, Inter Parfums designs, develops, codes, maintains, and operates the online consumer-facing fragrance platforms used to market and sell Montblanc and Jimmy Choo fragrance products throughout the United States.

28. The Websites at issue in this action include the specific Montblanc and Jimmy Choo fragrance product pages that Plaintiff attempted to access, including:

(a) https://www.montblanc.com/en-us/legend-night---eau-de-parfum-100-ml-MB116979.html;

(b) https://www.montblanc.com/en-us/black-35-mm-reversible-leather-belt-MB130587.html and

(c) https://us.jimmychoo.com/en/women/beauty/fragrance/i-want-choo-with-love-60ml/jimmy-choo-i-want-choo-with-love-le-parfum-60ml-IWCWITHLOVE60MLFJCR113460.html (us.jimmychoo.com in Bing)

29. These product pages form part of the fragrance-specific digital storefronts that Inter Parfums operates for the purpose of selling its licensed Montblanc and Jimmy Choo fragrance products directly to consumers. Inter Parfums exercises full control over the design, coding, structure, content, and accessibility of these Websites.

30. Inter Parfums conducts substantial and continuous business in New York through these fully interactive Websites, which offer goods and services to consumers throughout the State, including residents of this District. Inter Parfums is therefore subject to the jurisdiction of this Court.

31. Inter Parfums is a public accommodation and an operator of a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), because it operates online retail platforms offering goods and services to the general public.

## NATURE OF ACTION

32. This action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., challenging Defendant's operation of public-facing commercial websites that deny blind and visually impaired individuals full and equal access. Plaintiff, a legally blind resident of Bronx County, attempted to access Defendant's Montblanc and Jimmy Choo fragrance product pages using screen-reading software but encountered multiple access barriers that prevented meaningful engagement with their services. Defendant's failure to design and maintain its websites in accordance with the Web Content Accessibility Guidelines (WCAG 2.1) constitutes unlawful discrimination and violates federal accessibility standards.

33. Defendant's websites function as commercial places of public accommodation subject to Title III of the ADA and the NYCHRL. At all relevant times, Defendant Inter Parfums, Inc. has maintained control over the design, coding, digital infrastructure, and accessibility of the Montblanc and Jimmy Choo fragrance product pages it operates, including the specific URLs Plaintiff attempted to access. Inter Parfums is responsible for ensuring that these websites comply with applicable accessibility standards, including WCAG 2.1 Level AA. Although the websites contain nominal accessibility references, they lack meaningful ARIA labeling, semantic structure, and keyboard operability across key interactive features. These deficiencies render the websites inaccessible to blind users and place Defendant on constructive notice of noncompliance.

34. The Internet has become a vital source of information and a primary tool for

conducting everyday activities such as shopping, learning, banking, researching, and communicating—for sighted, blind, and visually impaired individuals alike. Defendant's websites are not merely informational; they are essential gateways through which consumers browse fragrance collections, review product details, compare sizes, and complete purchases. Because Inter Parfums operates its fragrance business through these digital storefronts, accessible online access is the only means by which blind consumers can independently review merchandise and participate in Defendant's retail offerings. Without accessible websites, blind individuals are effectively barred from accessing Defendant's goods and services altogether.

35. In today's digital environment, blind and visually impaired individuals access websites using keyboards in conjunction with screen access software that vocalizes visual content or displays it on a refreshable Braille device. This technology, known as screen-reading software, is currently the only method by which blind or visually impaired persons may independently access the Internet. Unless websites are properly coded to interface with screen-reading software, blind and visually impaired users are unable to fully access the information, products, and services offered online.

36. Plaintiff, ANGEL JENKINS, is a blind, visually impaired individual and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)–(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the NYCHRL. As documented in Exhibit A, Plaintiff's blindness resulted from Endophthalmitis following a severe vehicular accident that caused significant trauma to both eyes, leading to permanent and irreversible vision loss. Plaintiff is unable to read printed materials and relies exclusively on screen-reading software such as NVDA, magnification tools, and keyboard-based navigation to access digital content. She has completed formal

orientation and mobility training through Lighthouse Guild and VISIONS at Selis Manor and remains proactive in maintaining independence through assistive technology.

37. Plaintiff attempted to access Defendant's websites on multiple occasions from her residence in Bronx County, including January and February 2026. During these visits, she sought to browse fragrance offerings, review product details, compare sizes, and complete purchases for herself and her visually impaired husband. Specifically, Plaintiff attempted to purchase: (a) Montblanc Legend Night Eau de Parfum (100 ml); (b) the Montblanc Black 35 mm Reversible Leather Belt as a gift for her husband; and (c) Jimmy Choo "I Want Choo With Love" Eau de Parfum (60 ml), one of the few fragrances that does not irritate her sensitive skin. However, Plaintiff encountered persistent access barriers—including unlabeled buttons, inaccessible form fields, broken ARIA structures, missing alt text on product images, and inaccessible interactive elements—that prevented her from completing any transaction without sighted assistance.

38. These barriers are documented in independent accessibility audits conducted by Plaintiff's counsel, including WAVE (Web Accessibility Evaluation Tool) reports identifying: missing alternative text, empty buttons, empty links, broken ARIA references, broken ARIA menus, contrast errors, redundant links, skipped heading levels, and structural failures across the Montblanc and Jimmy Choo product pages. These reports place Defendant on constructive notice of noncompliance and confirm that the websites remain inaccessible to blind users.

39. Plaintiff was specifically interested in purchasing the Montblanc Legend Night fragrance, the Montblanc Black 35 mm Reversible Leather Belt, and the Jimmy Choo "I Want Choo With Love" fragrance because these products hold personal significance for her and her husband. Due to the websites' failure to provide accessible product descriptions, navigable

purchase flows, and properly labeled interactive elements, Plaintiff was unable to independently evaluate or purchase any of these items.

40. Plaintiff selected Montblanc and Jimmy Choo because of their reputation for offering high-quality luxury fragrances and accessories. She remains interested in purchasing these products and intends to return to the websites once they are remediated, particularly because the items align with her needs, preferences, and budget. Defendant's ongoing failure to provide equal access constitutes a denial of goods and services and causes ongoing deterrence. Because Inter Parfums operates these fragrance websites as primary retail channels, their inaccessibility effectively excludes Plaintiff from all of Defendant's online offerings.

41. Plaintiff has suffered concrete harm, including exclusion, frustration, and loss of autonomy. These injuries are directly traceable to Defendant's conduct and are redressable through injunctive relief. Plaintiff's repeated encounters with Defendant's inaccessible websites demonstrate standing under Title III of the ADA: she attempted to access the websites on multiple occasions, was deterred by systemic barriers, remains eager to return once they are accessible, and was prevented from purchasing meaningful fragrance products for herself and her husband due to Defendant's failures.

**STANDING**

42. Plaintiff ANGEL JENKINS is legally blind and relies exclusively on screen-reading software, keyboard navigation, and other assistive technologies to access digital content. She is unable to perceive visual information on websites without proper coding, labeling, and semantic structure. Plaintiff is therefore directly impacted by the accessibility of online retail platforms and is within the class of individuals the ADA was enacted to protect.

43. Plaintiff attempted to access the Montblanc and Jimmy Choo fragrance product pages operated by Defendant Inter Parfums, Inc. on multiple occasions from her residence in Bronx County, including in January and February 2026. These attempts were made using her screen-reader software (NVDA) and keyboard navigation.

44. During her first attempt, Plaintiff visited the Montblanc product pages to purchase two items of personal significance: (a) Montblanc Legend Night Eau de Parfum (100 ml), a fragrance she and her visually impaired husband enjoy and intended to include in a Valentine's Day gift; and (b) the Montblanc Black 35 mm Reversible Leather Belt, a durable, tactile accessory she selected as a gift for her husband because of its craftsmanship, texture, and suitability for individuals with limited or no vision.

45. During her second attempt, Plaintiff visited the Jimmy Choo fragrance product page to purchase "I Want Choo With Love" Eau de Parfum (60 ml), one of the few fragrances that does not irritate her sensitive skin and a scent she and her husband both appreciate. Plaintiff intended to purchase this fragrance for herself as part of the same Valentine's Day celebration.

46. Plaintiff selected these specific products because they hold personal, sentimental, and practical significance. The Montblanc belt was chosen for its tactile quality and durability, which are important to her visually impaired husband. The Montblanc and Jimmy Choo fragrances were chosen because they are scents the couple enjoys together, and the Jimmy Choo fragrance is uniquely compatible with Plaintiff's sensitive skin. Plaintiff selected these websites because they are the official online retail platforms operated by Inter Parfums for the sale of these licensed fragrance products.

47. Despite her clear intent to purchase these items, Plaintiff was unable to complete

any transaction due to pervasive accessibility barriers on the websites. These barriers included missing alternative text on product images, empty buttons, empty links, broken ARIA references, broken ARIA menus, unlabeled form fields, inaccessible dropdowns, skipped heading levels, redundant links, and contrast errors. These defects prevented Plaintiff's screen reader from announcing product names, describing images, identifying interactive elements, or navigating the purchase flow.

48. As a result of these barriers, Plaintiff could not identify the correct products, review product descriptions, select required options, add items to her cart, or complete checkout. Plaintiff was forced to abandon her attempts to purchase the items she desired, despite multiple efforts to navigate the websites independently.

49. Plaintiff's injuries are concrete and particularized. She experienced frustration, exclusion, and loss of autonomy when she was denied equal access to Defendant's online goods and services. The discriminatory barriers she encountered directly prevented her from purchasing meaningful products for herself and her husband.

50. Plaintiff has a definite and credible intent to return to the Montblanc and Jimmy Choo product pages operated by Inter Parfums once they are remediated. She remains interested in purchasing the Montblanc Legend Night fragrance, the Montblanc Black 35 mm Reversible Leather Belt, and the Jimmy Choo "I Want Choo With Love" fragrance. Plaintiff regularly purchases fragrances and accessories online and will revisit the websites to complete her intended purchases once the accessibility barriers are removed.

51. Plaintiff's intent to return is further supported by her ongoing interest in the brands, the personal significance of the products, and her reliance on online shopping due to her disability.

Plaintiff is deterred from returning to the websites in their current inaccessible state but will do so immediately once they comply with WCAG 2.1 Level AA and are fully usable with screen-reading technology.

52. Plaintiff therefore has standing under Title III of the ADA because she (1) encountered accessibility barriers on Defendant's websites, (2) was personally and concretely harmed by those barriers, (3) remains deterred from returning due to the ongoing discrimination, and (4) has a genuine intent to return once the websites are accessible.

## CLASS ACTION ALLEGATIONS

53. Plaintiff ANGEL JENKINS brings this action on behalf of herself and all others similarly situated, seeking certification of a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access the Montblanc and Jimmy Choo fragrance product pages operated by Inter Parfums, Inc., including but not limited to the specific URLs Plaintiff attempted to access, and who were denied equal access to Defendant's online goods, services, and support due to persistent accessibility barriers during the relevant statutory period.

54. Plaintiff also seeks certification of a New York Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals residing in the City and State of New York who have attempted to access the Montblanc and Jimmy Choo fragrance product pages operated by Inter Parfums, Inc., and who were similarly denied equal access due to the same systemic accessibility barriers.

55. Common questions of law and fact exist among the Class, including:

(a) Whether the Montblanc and Jimmy Choo fragrance product pages operated by Inter

Parfums qualify as "public accommodations" under Title III of the ADA;

(b) Whether Defendant's Websites constitute "places or providers of public accommodation" under the NYCHRL;

(c) Whether the Websites' persistent accessibility barriers violate the ADA by denying blind users full and equal access to Defendant's online goods, services, and support;

(d) Whether the same barriers violate the NYCHRL, NYCRL, and NYSHRL by excluding blind users from meaningful participation in Defendant's digital marketplace.

56. Plaintiff's claims are typical of the Class. Like other blind individuals, she relies on screen-reading software and keyboard navigation to access online platforms and requires accessible digital interfaces to locate and shop for desired products. She encountered the same systemic barriers—unlabeled buttons, inaccessible forms, mouse-dependent controls, unreadable product descriptions, broken ARIA structures, missing alternative text, and inaccessible interactive elements—that affect all Class members.

57. Plaintiff will fairly and adequately represent the interests of the Class. She has retained counsel experienced in disability rights and complex class action litigation. Plaintiff has no interests antagonistic to those of the Class and seeks injunctive and declaratory relief applicable to all members.

58. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or failed to act on grounds generally applicable to the Class, warranting injunctive relief to remediate the Websites' accessibility barriers and ensure equal access to Defendant's online goods and services.

59. Alternatively, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because

common questions of law and fact predominate over individual issues, and a class action is the most efficient and fair method for adjudicating these claims.

60. Maintaining this action as a class proceeding will promote judicial economy by avoiding duplicative litigation and ensuring uniform relief for a class likely to include hundreds, if not thousands, of blind individuals who have attempted to use the Montblanc and Jimmy Choo fragrance product pages operated by Inter Parfums, Inc..

**FIRST CAUSE OF ACTION**
**(Violations of the ADA, 42 U.S.C. § 12182 *et seq.)***

61. Plaintiff, ANGEL JENKINS on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

62. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

**42 U.S.C. § 12182(a).**

63. Defendant Inter Parfums, Inc. operates public-facing commercial websites, including the Montblanc and Jimmy Choo fragrance product pages that Plaintiff attempted to access, which are services offered to the general public and must be equally accessible to all consumers, including blind and visually impaired individuals. These include, but are not limited to: (a) https://www.montblanc.com/en-us/legend-night---eau-de-parfum-100-ml-MB116979.html (b) https://www.montblanc.com/en-us/black-35-mm-reversible-leather-belt-MB130587.html (c) https://us.jimmychoo.com/en/women/beauty/fragrance/i-want-choo-with-

love-60ml/jimmy-choo-i-want-choo-with-love-le-parfum-60ml-IWCWITHLOVE60MLFJCR113460.html (us.jimmychoo.com in Bing)

64. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

65. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

> "[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

66. The acts alleged herein constitute violations of Title III of the Americans with Disabilities Act and the regulations promulgated thereunder. Plaintiff, a member of a protected class under the ADA, has a physical disability that substantially limits her major life activity of

sight within the meaning of 42 U.S.C. §§ 12102(1)(A)–(2)(A). Plaintiff's vision loss resulted from Endophthalmitis following a severe vehicular accident that caused significant trauma to both eyes, as documented in Exhibit A. Plaintiff has been denied full and equal access to Defendant's Montblanc and Jimmy Choo fragrance product pages; has not received services offered to non-disabled patrons; and has been subjected to inferior service due to persistent accessibility barriers, including missing alternative text, empty buttons, broken ARIA references, inaccessible forms, and structural navigation failures. Defendant has failed to take prompt and equitable steps to remedy this discriminatory conduct, and the violations remain ongoing.

67. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

## SECOND CAUSE OF ACTION
## (Violations of the New York City Human Rights Law)
## ("NYCHRL")

68. Plaintiff, ANGEL JENKINS on behalf of herself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

69. N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider

of public accommodation".

70. Defendant Inter Parfums, Inc. is subject to the NYCHRL because it owns, operates, and controls the Montblanc and Jimmy Choo fragrance product pages that Plaintiff attempted to access, making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1). These websites function as providers of public accommodation under the NYCHRL because they offer goods, services, and consumer transactions to the general public, including residents of New York City. Defendant does not operate any brick-and-mortar retail stores relevant to this action; its discriminatory conduct arises solely from its operation of these online platforms.

71. Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) by refusing to update or remove access barriers on the Montblanc and Jimmy Choo fragrance product pages, rendering the websites and their integrated services inaccessible to blind and visually impaired individuals. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

72. Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating based on disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

73. Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendant has:

a. constructed and maintained websites that are inaccessible to blind class members with knowledge of the discrimination; and/or

b. constructed and maintained websites that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

c. failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

74. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

75. As such, Defendant discriminates and will continue to discriminate against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations, and opportunities of the Montblanc and Jimmy Choo fragrance product pages under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

76. Defendant's actions were to violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

77. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

78. Plaintiff is also entitled to reasonable attorneys' fees and costs.

79. Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

**<u>THIRD CAUSE OF ACTION</u>**
**(New York State Human Rights Law)**
**("NYSHRL")**

80. Plaintiff, ANGEL JENKINS on behalf of herself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

81. At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 *et seq.*, covers the actions of the Defendants.

82. Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

83. Defendants, at all relevant times to this action, own and operate a place of public accommodation, the subject websites, within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

84. Plaintiff has visited the websites on a number of occasions and has encountered barriers to his access that exist.

85. Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person

any of the accommodations, advantages, facilities or privileges thereof."

86. Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

87. Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating websites that I are inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Website in order to make accessibility features of the sites known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies disabled individuals who are sight-impaired full, and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device. Article 15 of N.Y. Exec. Law § 296(2)(c).

88. The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

89. Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 is well-established guideline for making websites accessible to the blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

90. Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass and violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2) and the discrimination continues to date.

91. Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

92. Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

## <u>FOURTH CAUSE OF ACTION</u>
## (Violation of New York State Civil Rights)
## ("NYCRL")

93. Plaintiff, ANGEL JENKINS on behalf of herself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

94. Plaintiff served notice thereof upon the New York State Attorney General, as

required by N.Y. Civil Rights Law § 41. (Exhibit 1) (Notice to Attorney General)

95. Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

96. No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

97. § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

98. Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Website is a place of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

99. Defendant intentionally and willfully failed to remove the barriers on their websites, discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

100. Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

101. Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id.*..

102. Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for each instance of the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civil Law § 40 *et seq.*

**FIFTH CAUSE OF ACTION**
**(Declaratory Relief)**

103. Plaintiff, ANGEL JENKINS on behalf of herself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

104. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the websites contains access barriers denying blind customers the full and equal access to the products, services and facilities of the same, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.*, prohibiting discrimination against the blind.

105. A judicial declaration is necessary and appropriate at this time so that each of the

parties may know its respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b. A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Websites fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Websites are readily accessible to and usable by blind individuals;

c. A declaration that Defendant owns, maintains, and/or operates the Websites in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d. An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and Plaintiff's attorneys as Class Counsel;

e. Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York City Human Rights Law, the New York State Human Rights Law, and the New York State Civil Rights Law;

f. Pre-judgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
February 3, 2026

Respectfully submitted,
**JOSEPH & NORINSBERG, LLC**

*/s/ Robert L Schonfeld*
Robert Schonfeld, Esq
*Attorneys for Plaintiff*
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No.: (212) 227-5700
Fax No.: (212) 656-1889
rschonfeld@employeejustice.com